IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Cornelius Richard Richmond,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Officer Pearson, and Jail Director<br>Tom Fox,  J. Reuben Long<br>Detention Center,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 8:07-3331-MBS-BHH<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983.  The matter is before the Court on the defendant Tom Fox's motion for summary judgment.  (Dkt. # 32.)

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on October 11, 2007, seeking damages for alleged civil rights violations.  On April 24, 2008, the defendant Fox filed a motion for summary judgment.  By order April 28, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On May 8, 2008, the plaintiff filed a response opposing the defendant Fox's summary judgment motion.

**FACTS**

In his complaint, the plaintiff makes the following allegations, quoted verbatim and

in their entirety:

> I myself Cornelius Richard Richmond was being escorted from B-3 POD to B-1 POD. During the move I was being escorted by Officer Frinks and Officer Walker. I then hesitated to try and plead my innocence with Officer Frinks as he put me in the escort position when all of a sudden Officer Terry Pearson ran from his post and physically assaulted me by punching me repeatedly in my left ear causing my inner earlobe to bleed. After about forty-five minutes to an hour I was then escorted to medical by Officer Henderson for my problem to the ear. I then was seen by Nurse Becky who documented by assault and condition of my earlobe. After the assault I then wrote a grievance and on my grievance I asked that he gets fired and that's what happened.

(Compl. at 3.) The plaintiff seeks $50,000 in damages for pain and suffering and mental anguish. (Compl. at 5.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

2

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978). Aside from the caption in this case, the plaintiff does not make any allegations regarding the defendant Fox or even refer to him at all in the body of the complaint. Liberally construing the complaint, the plaintiff may be attempting to rely on the doctrine of supervisory liability as Fox is the Director of the Reuben Long Detention Center. (See Pl.'s Mem. Opp. Summ. J. at 1.) However, the

plaintiff has failed to make any showing of supervisory liability.

"Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990) (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *Id. See also Moore v. Winebrenner,* 927 F.2d 1312 (4th Cir.1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984).   A "mere right to control" is not enough.  *Monell*, 436 U.S. at 694 n. 58.

Officials must have personal knowledge of and involvement in the alleged deprivation of the plaintiff's right in order to be liable.  Here, however, the plaintiff has not made any allegations that the defendant Fox had any personal knowledge of the assault and disregarded it. Further, the plaintiff has not shown that any inaction on the part of Fox, in his capacity as supervisor, which would constitute deliberate indifference to or tacit authorization of the alleged denial the plaintiff's constitutional rights. Without any allegation of any involvement in the alleged assault whatsoever, the defendant Fox cannot be held liable under §1983.[1]  Accordingly, the defendant Fox's summary judgment motion should be granted.

---

[1] The plaintiff states that the defendant Fox terminated Pearson and thus must have had knowledge of the assault. (Pl.'s Mem. Opp. Summ. J. at 2.)  However, such knowledge after the fact would not make Fox liable for the assault.  There is no evidence or allegation that Fox knew of a risk and disregarded it.  Rather, the allegation is that Fox terminated  the officer involved in the assault which can hardly be used to support the plaintiff's 1983 claim against the defendant Fox.

**Eleventh Amendment Immunity**

The defendant Fox also contends that to the extent that the he is sued in his official capacities, he is not subject to suit. The undersigned agrees.

The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . " U.S. Const. Amend. XI. "A suit against a state official in her official capacity . . . should be treated as a suit against the State." *Hafer v. Melo*, 116 L.E.2d 301, 309 (1991). The Court stated that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 309 (quoting *Kentucky v. Graham,* 473 U.S. 159 (1985) (further citation omitted)). Thus, a defendant in an official capacity action is entitled to the immunities which the governmental entity possesses.

The defendant Fox is an employee of the South Carolina Department of Corrections, an agency of the State of South Carolina. As such, he is entitled to immunity, pursuant to the Eleventh Amendment, for any suits brought against him in his official capacity. Based on the Supreme Court's ruling in *Hafer*, the action against the defendant Fox should be dismissed to the extent that he is sued in his official capacity.

<u>**Qualified Immunity**</u>

Having found that the plaintiff has not raised a viable § 1983 claim against the defendant Fox, the court need not determine whether any rights the plaintiff has asserted were "clearly established" for purposes of qualified immunity. *See DiMeglio v. Haines*, 45 F.3d 790, 799 (4th Cir. 1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted,

based upon existing law, without the court ever ruling on the qualified immunity question."); *Gordon v. Kidd*, 971 F.2d 1087, 1093 (4th Cir. 1992) ("In analyzing the appeal of a denial of summary judgment on qualified immunity grounds, it is necessary first to identify the specific constitutional right allegedly violated, then to inquire whether at the time of the alleged violation it was clearly established.").

**State Law Claims**

To the extent that the plaintiff states additional claims under state law against the defendant Fox, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims against the defendant Fox as set for above. *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant Fox's Motion for Summary Judgment (Dkt. # 32) be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

June 25, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).