**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Cornelius Richard Richmond, | ) | Civil Action No. 8:07-3331-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Officer Pearson, and Jail Director | ) | |
| Tom Fox, J. Reuben Long Detention | ) | |
| Center, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Cornelius Richard Richmond, a pro se prisoner, filed this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. Plaintiff is pretrial detainee currently detained at the J. Reuben Long Detention Center in Conway, South Carolina.

Plaintiff filed this complaint on October 11, 2007. After being granted two extensions of time, Defendants filed an answer to the complaint on January 10, 2008.[1] On April 24, 2008, Defendant Tom Fox ("Defendant Fox") filed a motion for summary judgment. *See* Fed. R. Civ. P. 56. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on April 28, 2008, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant Fox's motion for summary judgment. Defendant Fox filed a reply on May 13, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate

---

[1] Defendants joined in a single answer. (Entry 19).

Judge filed a Report and Recommendation on June 25, 2008. The Magistrate Judge determined that Defendant Fox's motion for summary judgment should be granted because: (1) Plaintiff failed to allege Defendant Fox was personally involved in the alleged assault on Plaintiff or that he had personal knowledge of the assault; (2) Defendant Fox is not subject to suit in his official capacity; (3) Plaintiff has not raised a viable § 1983 claim against Defendant Fox, and thus the court did not need to determine whether any of the rights asserted by Plaintiff were "clearly established" for purposes of qualified immunity. The Magistrate Judge also recommended that to the extent Plaintiff has alleged state law claims against Defendant Fox, the court should decline jurisdiction pursuant to § 1367(c). Plaintiff filed objections to the Magistrate Judge's Report on July 2, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

## I. FACTS

The complete factual allegations of the complaint are as follows:

> I myself Cornelius Richard Richmond was being escorted from B-3 POD to B-1 POD. During the move I was being escorted by Officer Frinks and Officer Walker. I then hesitated to try and plead my innocence with Officer Frinks as he put me in the escort position when all of a sudden Officer Terry Pearson ran from his post and physically assaulted me by

punching me repeatedly in my left ear causing my inner earlobe to bleed. After about forty-five minutes to an hour I was then escorted to medical by Officer Henderson for my problem to the ear. I then was seen by Nurse Becky who documented my assault and condition of my earlobe. After the assault I then wrote a grievance and on my grievance I asked that he gets fired and that's what happened.

(Compl. at 3).

## II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

### III.  DISCUSSION

Plaintiff has offered no particular factual objections to the Magistrate Judge's conclusions. Rather, Plaintiff's objections generally state his belief that, as the director of the jail, Defendant Fox should be liable for everything that occurs therein. (Entry 48). Plaintiff also reasserts that his constitutional rights have been violated. (Entry 48). The court is not obligated to conduct a *de novo* review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.

### IV.  CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation. Defendant Fox's motion for summary judgment (Entry 32) is granted. This case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED.**

                                              s/Margaret B. Seymour
                                              Margaret B. Seymour
                                              United States District Judge

March 4, 2009
Columbia, South Carolina