IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Cornelius Richard Richmond, #B-1180819353 | ) ) ) | Civil Action No.: 8:07-3331-MBS-BHH |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Officer Pearson, | ) ) | **OF MAGISTRATE JUDGE** |
| Defendant. | ) ) ) ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendant Officer Pearson's motion for summary judgment. (Dkt. # 54.)[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on October 11, 2007, seeking damages for alleged civil rights violations. On September 24, 2008, the defendant Pearson filed a motion for summary judgment. By order dated September 25, 2008, pursuant to *Roseboro v.*

---

[1] The defendant Tom Fox filed a separate motion for summary judgment and the undersigned filed a Report and Recommendation addressing that motion on June 25, 2008. (Dkt. # 47.) United States District Court Judge Margaret Seymour recently adopted this report on March 5, 2009, and Fox was dismissed as a defendant. (Dkt. # 59.) Additionally, the undersigned notes that the defendant's summary judgment motion was also made behalf of the J. Reuben Long Detention Center ("JRLDC"). However the JRLDC was not named as a defendant in the complaint and was never served. Accordingly, Fox and the JRLDC are not defendants in this action and thus the undersigned will not address any issues raised in the defendant's summary judgment motion regarding them.

*Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 2, 2008, the plaintiff filed a response opposing the defendant's summary judgment motion.

**FACTS**

In his complaint, the plaintiff makes the following allegations, quoted verbatim and in their entirety:

> I myself Cornelius Richard Richmond was being escorted from B-3 POD to B-1 POD. During the move I was being escorted by Officer Frinks and Officer Walker. I then hesitated to try and plead my innocence with Officer Frinks as he put me in the escort position when all of a sudden Officer Terry Pearson ran from his post and physically assaulted me by punching me repeatedly in my left ear causing my inner earlobe to bleed. After about forty-five minutes to an hour I was then escorted to medical by Officer Henderson for my problem to the ear. I then was seen by Nurse Becky who documented by assault and condition of my earlobe. After the assault I then wrote a grievance and on my grievance I asked that he gets fired and that's what happened.

(Compl. at 3.) The plaintiff seeks $50,000 in damages for pain and suffering and mental anguish. (Compl. at 5.)

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate

that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The plaintiff alleges the defendant Pearson used excessive force against him

3

violating his constitutional rights. To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. The subjective component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994).

In this record there is no evidence, medical or otherwise, that the plaintiff suffered anything more than a de minimis injury. As noted above, the plaintiff alleges that on January 2, 2007, the defendant Officer Pearson without warning ran from his post and physically assaulted him by punching him repeatedly in his left ear causing his inner earlobe to bleed. (Compl. ¶ 4.) In his response to the defendant's summary judgment motion, the plaintiff acknowledges that he was being placed into a cell that he did not want to go into and the officers had to place him in the escort position. (Pl.'s Mem. Opp. Summ. J. Mot. at 1.) He states that the defendant Pearson punched him three or four times on the left temple and he was seen by medical staff. (*Id*.) He alleges the left side of his face and his left ear were swollen and he had blood on his earlobe. (*Id*. at 2.) Consistent with

the plaintiff's allegations, the plaintiff's medical records establish that the plaintiff suffered only minor injuries. (Def's. Mem. Supp. Summ. J. Mot. Ex. Deborah Hipp Aff. at ¶ 3 & Attach. 1-3; Yolanda James Aff. at ¶ 3 & Attach.1-2.)  Accordingly, here, the plaintiff has alleged at most a de minimis injury. *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering). Therefore, this claim should be dismissed.

**Qualified Immunity**

The defendant also raises the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567(4th Cir.1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

**State Law Claims**

To the extent that the plaintiff states additional claims under state law against the defendant, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims against the defendant as set forth above. *See* 28 U.S.C. § 1367(c).

5

**CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (Dkt. # 54) be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 10, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).