**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Cornelius Richard Richmond, ) | Civil Action No. 8:07-3331-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Officer Pearson, and Jail Director ) | |
| Tom Fox, J. Reuben Long Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      Plaintiff Cornelius Richard Richmond, appearing pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging constitutional violations. Plaintiff is pretrial detainee currently detained at the J. Reuben Long Detention Center in Conway, South Carolina.

      Plaintiff filed this complaint on October 11, 2007. After being granted two extensions of time, Defendants filed an answer to the complaint on January 10, 2008.[1] On April 24, 2008, Defendant Tom Fox ("Defendant Fox") filed a motion for summary judgment. See Fed. R. Civ. P. 56. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court issued an order on April 28, 2008, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant Fox's motion for summary judgment. Defendant Fox filed a reply on May 13, 2008. This court granted Defendant Fox's motion for summary judgment on March 5, 2009, and the case was recommitted to the Magistrate Judge for additional pretrial handling.

---

[1] Defendants joined in a single answer. (Entry 19).

On September 24, 2008, Officer Pearson ("Defendant Pearson") filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on September 25, 2008, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendant Pearson's motion for summary judgment on October 2, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation on March 10, 2009. The Magistrate Judge determined that Defendant Fox's motion for summary judgment should be granted because: (1) the record was devoid of any evidence, medical or otherwise, that Plaintiff suffered anything more than a de minimis injury; (2) the record is devoid of evidence that one of Plaintiff's specific rights was violated, and thus the court did not need to address the qualified immunity defense. The Magistrate Judge also recommended that, to the extent Plaintiff has alleged state law claims against Defendant Pearson, the court should decline jurisdiction pursuant to 28 U.S.C. § 1367(c). Plaintiff filed objections to the Magistrate Judge's Report on March 19, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

I. FACTS

The complete factual allegations of the complaint are as follows:

> I myself Cornelius Richard Richmond was being escorted from B-3 POD to B-1 POD. During the move I was being escorted by Officer Frinks and Officer Walker. I then hesitated to try and plead my innocence with Officer Frinks as he put me in the escort position when all of a sudden Officer Terry Pearson ran from his post and physically assaulted me by punching me repeatedly in my left ear causing my inner earlobe to bleed. After about forty-five minutes to an hour I was then escorted to medical by Officer Henderson for my problem to the ear. I then was seen by Nurse Becky who documented my assault and condition of my earlobe. After the assault I then wrote a grievance and on my grievance I asked that he gets fired and that's what happened.

(Compl. at 3).

II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable

jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

### III. DISCUSSION

Plaintiff has offered no particular factual objections to the Magistrate Judge's conclusions. Rather, Plaintiff's objections generally state his beliefs that his injury was not de minimis because the injury caused him excessive pain and that Defendant Pearson did not act in good faith. (Entry 62). The court is not obligated to conduct a *de novo* review of the Magistrate Judge's Report "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Nevertheless, the court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court disagrees with Plaintiff's contention. The medical evidence supports a finding that Plaintiff's injuries were de minimis. (Entry 54-5, at 3-5). Plaintiff offers nothing more than his bald assertion to support his claim to the contrary.

## IV. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation. Defendant Pearson's motion for summary judgment (Entry 54) is granted.

**IT IS SO ORDERED.**

s/Margaret B. Seymour
Margaret B. Seymour
United States District Judge

July 21, 2009
Columbia, South Carolina